UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:07-00004 |
| | ) | JUDGE CAMPBELL |
| GREGORY JEROME MCMURRY | ) | |

MEMORANDUM AND ORDER

Pending before the Court is a letter requesting a retroactive reduction in sentence (Docket No. 41), filed by the Defendant, pro se. The Government has filed a Response (Docket No. 43), and the Defendant, now represented by counsel, has filed a Reply (Docket No. 44) in support of his request.

The Defendant requests that the Court reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the United States Sentencing Guidelines that lowered the base offense level for individuals convicted of offenses involving cocaine base, or crack. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 750 to the Sentencing Guidelines, which became effective on November 1, 2011, the Sentencing Commission lowered the offense levels for cocaine base, or

crack, set forth in Sentencing Guideline Section 2D1.1, and through Amendment 759 to Sentencing Guideline Section 1B1.10(c), that change was made retroactive.

Subsection (a) of Sentencing Guideline Section 1B1.10 provides, in pertinent part:

(1) <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Defendant pled guilty, without a plea agreement, to six counts involving the distribution of cocaine base, or crack. (Docket Nos. 1, 14, 15). At sentencing, the Court determined that the Defendant was accountable for 38.2 grams of cocaine base, and the Offense Level for 35-50 grams under the November 1, 2007 version of the Sentencing Guideline Section 2D1.1(c) was 28. (Docket No. 36, at 4-5; Docket No. 31, at 7-8). Because the Defendant had five prior convictions for controlled substance offenses, however, he was considered a Career Offender under Sentencing Guideline Section 4B1.1, which placed him at an Offense Level of 34. (<u>Id.</u>) The Career Offender Offense Level of 34 was "greater than the offense level" for the crack cocaine offenses, under Section 4B1.1, and therefore, the Career Offender Offense Level applied. The Defendant was given a reduction of three levels for acceptance of responsibility,

reducing his Offense Level to 31. (Id.) Based on that Offense Level and a Criminal History Category of VI, the Court calculated Defendant's Sentencing Guideline range to be 188 to 235 months. (Docket No. 36, at 4-5; Docket No. 31, at 25). The Court declined the Defendant's request for a sentence outside the advisory Sentencing Guideline Range, and sentenced the Defendant to a total sentence of 188 months. (Docket No. 36, at 87; Docket Nos. 28, 29). The Defendant appealed the Court's rejection of his request for a sentence outside the advisory Sentencing Guideline Range, and the appeals court affirmed the judgment. (Docket No. 38).

Under a previous amendment to the crack cocaine Sentencing Guideline, the Sixth Circuit held that a crack cocaine defendant whose ultimate sentencing range was based on the Career Offender Sentencing Guideline was not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) because, by its terms, Section 3582(c)(2) only applies to defendants whose ultimate sentencing range is subsequently lowered. See, e.g., United States v. Perdue, 572 F.3d 288, 293 (6th Cir.2009). Although the Defendant now seeks a reduction under a different amendment to the crack cocaine Sentencing Guideline, the reasoning of the Sixth Circuit still applies. In addition, the commentary following Amendment 750 expressly states that: "Other offenders . . . sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal). . . result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." See also United States v. Turner, 2012 WL 171392 (6th Cir. Jan. 23, 2012); United States v. Castro, ___ F.Supp.2d ___, 2012 WL 164845 (E.D.N.Y. Jan. 20, 2012).

Defendant argues that he should receive a sentence outside the advisory Sentencing Guideline Range because the disparity between the offense level derived from the crack cocaine Sentencing Guideline and the Career Offender Sentencing Guideline is now even greater than at

3

the time of his initial sentencing hearing. Even if applicable authority permitted a reduction to the sentence of a Career Offender based on the reductions in the Drug Quantity Table, however, the Court is not persuaded that such a reduction is warranted. The purpose of the Career Offender provision is to increase sentences for recidivist offenders, and the Defendant's criminal history has not changed.

Because the Defendant's advisory Sentencing Guideline Range has not been subsequently lowered by Amendment 750, he is not eligible for a retroactive sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, Defendant's request for a reduction in his sentence is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE