UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:07-00004 |
| | ) | JUDGE CAMPBELL |
| GREGORY JEROME MCMURRY | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's *pro se* Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Guidelines Amendment Number 782 (Docket No. 60); a supplemental brief and Notice of Filing (Docket Nos. 68, 69), filed by counsel for the Defendant; and the Government's Response (Docket No. 71). Through his filings, the Defendant seeks a two-point reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant pled guilty, without a plea agreement, to six counts involving the distribution of cocaine base. (Docket Nos. 1, 14, 15). At sentencing, the Court determined that the Defendant was accountable for 38.2 grams of cocaine base, and that his offense level for that quantity under the Sentencing Guidelines was 28. (Docket No. 36, at 4-5; Docket No. 31, at 7-8). Because the Defendant had five prior convictions for controlled substance offenses, however, he was considered a Career Offender under Sentencing Guideline Section 4B1.1, which placed him at an Offense Level of 34. (Id.) The Career Offender Offense Level of 34 was "greater than the

offense level" for the crack cocaine offenses, under Section 4B1.1, and therefore, the Career Offender Offense Level applied. The Defendant was given a reduction of three levels for acceptance of responsibility, reducing his Offense Level to 31. (Id.) Based on that Offense Level and a Criminal History Category of VI, the Court calculated Defendant's Sentencing Guideline range to be 188 to 235 months. (Docket No. 36, at 4-5; Docket No. 31, at 25). The Court declined the Defendant's request for a sentence outside the advisory Sentencing Guideline Range, and sentenced the Defendant to a total sentence of 188 months. (Docket No. 36, at 87; Docket Nos. 28, 29). The Defendant appealed the Court's rejection of his request for a sentence outside the advisory Sentencing Guideline Range, and the appeals court affirmed the judgment on January 16, 2009. (Docket No. 38).

The Defendant subsequently filed a motion requesting a retroactive reduction in sentence based on an amendment to the sentencing guideline setting offense levels for offenses involving cocaine base. (Docket No. 41). After appointment of counsel for the Defendant and briefing by the parties, the Court denied the motion because the Defendant's sentencing range was based on his status as a Career Offender rather than the quantity of cocaine base for which he was held accountable. (Docket No. 47). On appeal, the Sixth Circuit affirmed. (Docket No. 54).

For these same reasons, the Defendant's pending request must also be denied. Because the Court determined at sentencing that the Defendant was a Career Offender under Sentencing Guideline Section 4B1.1, the Defendant's offense level and criminal history category were both determined by reference to that guideline, and not the quantity of drugs for which he was held responsible under Section 2D1.1. Consequently, the Defendant's guideline range has not been lowered as a result of Amendment 782's reductions to the Drug Quantity Table in Section 2D1.1.

3

See, e.g., 18 U.S.C. § 3582(c)(2); United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013)(Court held that previous amendments to drug quantity table did not apply to reduce the sentence of Career Offender); United States v. Steel, 609 F. App'x 851, 851 (6th Cir. 2015)(Amendment 782 does not apply to reduce sentence of Career Offender). Accordingly, the Defendant's request for a sentencing reduction is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE